## MAHAN v. STATE. (5 Div. 436.)

(Court of Appeals of Alabama. Jan. 9, 1923. Rehearing Denied Jan. 30, 1923.)

I. Criminal law ⚬⟞1129(1)—All questions apparent on record considered on appeal without assignment of error.

Code 1907, § 6264, requires the Court of Appeals without assignment of error to consider all questions apparent on the record or reserved by bill of exceptions.

2. Criminal law ⚬⟞1038(3), 1056(1), 1063(6)—Instructions not considered where no request, exception, or motion for new trial.

Where no charges were requested by defendant, or no exception was reserved to rulings, and no motion for new trial was made, no question is presented for consideration.

3. Criminal law ⚬⟞753(1) — General charge not given where evidence tends to make case against party asking it.

The general charge should never be given when there is any evidence tending to make a case against the party who asks it.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Eley Mahan was convicted of a violation of the prohibition laws, and he appeals. Affirmed.

J. Sanford Mullins, of Alexander City, for appellant.

Counsel insists that the evidence was not sufficient to justify the verdict and judgment, citing 94 South. 134; 92 South. 94.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The evidence was in conflict, and presented a question for the jury.

BRICKEN, P. J. The prosecution against this defendant for a violation of the prohibition law originated in the county court of Tallapoosa county. Upon the trial of the case in that court he was adjudged guilty, and a fine of $300 assessed against him. In addition to the fine he was also sentenced to three months' hard labor for the county. From the judgment of conviction in the county court he appealed to the circuit court, and was there tried by a jury upon a complaint charging the same offense, filed by the solicitor. The jury returned a verdict of guilty, and assessed a fine against him of $50, to which the court added four months' hard labor for the county. From this judgment and sentence he appeals.

[1] On appeal in a criminal case the law requires this court (without assignment of error) to consider all questions apparent on the record or reserved by bill of exceptions. Code 1907, § 6264. As to the record, we find it regular in all respects, and no error appears.

[2] During the entire trial no exception was reserved to any ruling of the court. No charges were requested by defendant; no exception was reserved to any part of the oral charge; and no motion for new trial was made. It follows, therefore, that no question is presented for our consideration on this appeal.

[3] It is contended by counsel for appellant that the evidence adduced upon the

trial is insufficient to support the verdict of guilt and the judgment pronounced thereon. As before stated this question is not presented in a manner to make it revisable here, as the affirmative charge was not requested, nor was there a motion for a new trial interposed. But, pretermitting this, we have examined the evidence, and, if the question had been properly presented here, we would of necessity, under the evidence, hold this insistence to be without merit, as there was ample evidence adduced on this trial, if believed by the jury under the required rule, upon which to predicate the verdict rendered. There was evidence by two state witnesses of a sale by this defendant to witness Homer Harden of a gallon of whisky for which he paid him $8. The defendant strenuously denied that he sold Harden the whisky. He also offered evidence tending to impeach the witness Harden. All this created a conflict of evidence, resulting in the duty devolving upon the court to submit these questions of fact to the jury for its determination. And, if the general charge had been requested, it should not have been given, for the rule is the general charge should never be given when there is any evidence, however weak and inconclusive it may be, tending to make a case against the party who asks it.

Affirmed.